WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Serajul Haque, | No. CV-11-02371-PHX-JAT |
| Petitioner, | **ORDER** |
| v. | |
| United States Attorney General, et al., | |
| Respondents. | |

Before the Court is Plaintiff's motion to reopen the case. (Doc. 54). The Court now rules on the motion.

Plaintiff requests that the Court reconsider its May, 2012 Order dismissing the case and transfer the case to another venue. In support of this request, Plaintiff offers an order from another case he has filed in the District Court for the District of Columbia which transferred the case to the Northern District of California.

Federal Rule of Civil Procedure 60 governs when a district court may reconsider a final judgment. The rule permits a district court to relieve a party from a final order or judgment on various grounds, including 1) mistake, inadvertence, surprise, or excusable neglect; 2) newly discovered evidence; 3) fraud or misconduct by an opposing party; or 4) any other reason that justifies relief from the judgment. Fed.R.Civ.P. 60(b). The motion for reconsideration must be made within a reasonable time, and with respect to the first three grounds, no more than a year after the entry of the judgment, order, or

1 proceeding. Fed.R.Civ.P. 60(c).

2 Here, Plaintiff's case has been closed for nearly three years, Plaintiff's motions to
3 reopen the case have repeatedly been denied, and this Court's decisions have been
4 affirmed by the Ninth Circuit twice. Plaintiff makes no argument that there has been any
5 mistake, surprise, neglect, or misconduct, or that any new evidence has been discovered
6 that may justify reopening the case. In other words, Plaintiff offers no reason why this
7 case should be reopened except that another court has transferred one of his cases to the
8 Northern District of California. This is not a reason to reopen a case that has rightfully
9 been dismissed for failure to serve the defendants and failure to state a claim. Indeed, the
10 D.C. District Court case mentions nothing about service or Plaintiff's claims at all.
11 Accordingly, the Court denies Plaintiff's motion to reopen the case.

12 Because the Court denies Plaintiff's motion to reopen the case, the case remains
13 closed and all other pending motions are denied as moot.

14 Accordingly,

15 **IT IS ORDERED** that Plaintiff's motion to reopen the case, (Doc. 54), is
16 **DENIED**.

17 **IT IS FURTHER ORDERED** that all pending motions are denied as moot.

18 Dated this 3rd day of February, 2015.

James A. Teilborg
Senior United States District Judge